| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

---

ISHMAEL CALLISTRO,

Petitioner,   **MEMORANDUM & ORDER**

– against –   18-CV-4854 (ERK) (LB)

SUPERINTENDENT LAMANNA,

Respondent.

---

Korman, *J.*:

On February 14, 2013, a jury convicted petitioner Ishmael Callistro of assaulting police officers and other crimes stemming from a high-speed chase in Staten Island, New York. *People v. Callistro*, 146 A.D.3d 795, 795 (N.Y. App. Div. 2017). The Appellate Division, Second Department affirmed the conviction on January 11, 2017. *Id.* Petitioner then moved to reargue in the Appellate Division. While that motion was pending, the New York Court of Appeals denied leave to appeal on May 15, 2017. *People v. Callistro*, 29 N.Y.3d 1029 (2017). Shortly thereafter, on June 26, 2017, the Appellate Division denied petitioner's motion to reargue.[1] *People v. Callistro*, No. M233428 (N.Y. App. Div. Jun. 26, 2017). On August 22, 2018, petitioner filed the instant *pro se* petition for habeas relief. Pet. Writ Habeas Corpus ("Pet."), ECF No. 1. Respondent moves unopposed to dismiss the petition as untimely.[2]

A habeas petition must be brought within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

---

[1] The Appellate Division corrected a typographical error in its original order but otherwise denied the motion. *See People v. Callistro*, No. M233428 (N.Y. App. Div. Jun. 26, 2017).

[2] Respondent served the motion to dismiss upon petitioner on December 21, 2018. Aff. Service, ECF No. 5-2.

1

review." 28 U.S.C. § 2244(d)(1). The time to seek review by the United States Supreme Court "of a judgment of a lower state court that is subject to discretionary review by the state court of last resort" expires "90 days after entry of the order denying discretionary review." U.S. Sup. Ct. R. 13(1). Thus, the judgment here became final 90 days after the Court of Appeals denied review, or on August 13, 2017. Petitioner had one year from that date—until August 13, 2018—to petition for habeas review, but the petition was not filed until August 22, 2018.[3]

As a *pro se* petitioner, Callistro is entitled to the benefit of the mailbox rule, under which the petition is deemed filed "as of the date it was given to prison officials for forwarding to the court clerk." *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (quoting *Adeline v. Stinson*, 206 F.3d 249, 251 n.1 (2d Cir. 2000) (per curiam)). "A court may generally rely on the date of the petitioner's signature and/or notarization to ascertain the date that the petition was delivered to prison officials." *Oliver v. Kirkpatrick*, 2012 WL 3113146, at *6 (E.D.N.Y. July 31, 2012) (collecting cases). But Callistro's petition is unsigned, undated, and unnotarized. *See* Pet., ECF. No. 1, at 15. Likewise, petitioner's application to proceed *in forma pauperis*, filed with his petition on August 22, 2018, is undated. Mot. Leave Proceed *In Forma Pauperis*, ECF. No. 2, at 2. Although a court "may accept a prisoner's unrefuted contention as to the date in which he delivered his petition to prison officials," *Oliver*, 2012 WL 3113146, at *6 (citing *Noble*, 246 F.3d at 97-98), petitioner is silent on this issue. The only remaining evidence of the date on

---

[3] The statute of limitations period is unaffected by petitioner's motion for reargument in the Appellate Division, which was denied on June 26, 2017. No further review from the Court of Appeals was available to petitioner once the Appellate Division denied his motion to reargue, and AEDPA's tolling provision "applies only to papers filed in connection with relief recognized under relevant state procedures." *Evans v. Senkowski*, 228 F. Supp. 2d 254, 260 (E.D.N.Y. 2002); *see Perich v. Mazzuca*, 2007 WL 2455136, at *10 (E.D.N.Y. Aug. 23, 2007) ("It is well established that denials of motions to reargue are not appealable in New York."). Moreover, the Appellate Division denied the motion for reargument *before* the limitations period began to run, so there was no active, running limitations period to toll while that motion was pending. *See Evans*, 228 F. Supp. 2d at 260 (tolling under 28 U.S.C. § 2244(d)(2) for pending post-conviction motions "stops . . . the clock from ticking on the time in which to file a habeas petition").

which petitioner delivered the petition to prison officials is the date of the postmark—August 20, 2018—seven days after the statute of limitations ran on August 13, 2018. Postmarked Envelope, ECF No. 1-2. *See Alexander v. Superintendent*, 2009 WL 762108, at *2 (N.D.N.Y. Mar. 19, 2009) (relying on postmark date of *pro se* petition). Because there is nothing to suggest that petitioner gave his petition to prison officials before the statutory period elapsed, the mailbox rule does not save the petition.

Finally, petitioner raises no other basis for equitable tolling. *See Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011) (petitioner has burden of demonstrating basis for equitable tolling). Indeed, he left blank the section of the petition asking him to list any factors that would support equitable tolling. Pet., ECF No. 1, at 13-14.

## CONCLUSION

Respondent's motion to dismiss the petition as time-barred is granted. I decline to issue a certificate of appealability.

**SO ORDERED.**

*Edward R. Korman*

Brooklyn, New York  
February 21, 2019

Edward R. Korman  
United States District Judge